J-A18018-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL J. STEPHANIC, JR. | : | |
| | : | |
| Appellant | : | No. 1441 WDA 2019 |

Appeal from the PCRA Order Entered August 28, 2019
In the Court of Common Pleas of Elk County Criminal Division at No(s):
CP-24-CR-0000388-2013

BEFORE:   BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                          FILED AUGUST 3, 2020

Appellant, Michael J. Stephanic, Jr., appeals from the Order entered August 28, 2019, which dismissed as untimely his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  In addition, Appellant's appointed counsel, Fred D. Hummel, Esq., has filed an Application to Withdraw as Counsel and an accompanying Turner/Finley "no merit" Brief.[1]   After review, we grant counsel's Application and affirm the PCRA court's Order.

In August 2015, a jury convicted Appellant of First-Degree Murder,[2] based on evidence that he intentionally killed the victim by gunshot following a day of arguments and alcohol consumption.  The trial court sentenced

_____

[1]  See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] 18 Pa.C.S. § 2502(a).

Appellant to life imprisonment without the possibility of parole. Appellant timely appealed; this Court affirmed the Judgment of Sentence and the Pennsylvania Supreme Court denied Appellant's Petition for further review. Commonwealth v. Stephanic, 327 WDA 2016 at *1 (Pa. Super. filed September 7, 2016), appeal denied, 167 A.3d 711 (Pa. filed March 7, 2017). Appellant did not seek review in the United States Supreme Court. Thus, Appellant's Judgment of Sentence became final on June 5, 2017.

On April 10, 2019, Appellant pro se filed a Petition for collateral relief. In response, the Commonwealth filed a Motion to Dismiss Appellant's Petition as untimely. The PCRA court appointed counsel, who thereafter filed an Answer to the Commonwealth's Motion, averring that Appellant could establish an exception to the PCRA's timeliness requirements. According to Appellant, he had timely prepared a petition. Answer, 6/6/19, at 3 ¶ 11. However, Appellant claimed, government officials within the Department of Corrections neglected or intentionally refused to mail this petition to the PCRA court. Id. at 4 ¶ 14.

In July 2019, the PCRA court held an evidentiary hearing to consider Appellant's claim. Appellant testified to his efforts to secure collateral relief but could not recall or approximate the date on which he had placed his original petition in the prison mailing system. N.T. PCRA, 7/17/19, at 8, 12. In addition, he offered no further evidence to support his allegation that government officials had refused to mail this petition. The PCRA court

- 2 -

thereafter issued an Opinion and Order, dismissing Appellant's Petition as untimely.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive Pa.R.A.P. 1925(a) Statement, citing the analysis set forth in its August 28, 2019 Opinion.

In this Court, Attorney Hummel filed a Turner/Finley Brief, raising the following issue:

> Whether the PCRA [c]ourt erred when it found the evidence offered failed to meet the preponderance of the evidence standard that [Appellant's] facially untimely PCRA Petition was subject to a timeliness exception as set forth in 42 Pa.C.S.A. § 9545 and was therefore timely filed.

Turner/Finley Br. at 4. In addition, counsel has filed an Application to Withdraw as Counsel.

## Counsel's Application to Withdraw

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to Turner/Finley, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. Id. The Court then conducts its own independent review of the record to determine if the petition is meritless. Id. Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of

- 3 -

counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007) (citation omitted).

Our review of the record discloses that Attorney Hummel has complied with each of the above requirements. Counsel has presented a comprehensive review of the issue Appellant seeks to raise on appeal, the appropriate standard of review on appeal, and addressed the PCRA court's analysis where appropriate. Turner/Finley Br. at 6-12. Based on this analysis, counsel concludes that Appellant failed to establish an exception to the PCRA's timeliness requirements. Id. at 12 (in so concluding, counsel further notes that the PCRA court was without jurisdiction to entertain Appellant's substantive claims). In addition, Attorney Hummel sent Appellant copies of the Turner/Finley Brief and his Application to Withdraw, and he advised Appellant of his rights in lieu of representation. See Application to Withdraw as Counsel, 4/27/20, Exh. A (Letter, dated 4/24/20). Because Attorney Hummel has complied with the Turner/Finley requirements, we will proceed with our independent review of the record.[3]

### Standard / Scope of Review

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. Commonwealth v. Jarosz, 152 A.3d 344, 350 (Pa.

_____

[3] Appellant did not respond to counsel's Application to Withdraw or the April 24, 2020 Letter.

- 4 -

Super. 2016) (citing Commonwealth v. Fears, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." Commonwealth v. Anderson, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." Id.

### Timeliness of Appellant's Petition

Appellant concedes that his Petition is untimely but contends that the PCRA court erred when it found that Appellant failed to establish an exception to the PCRA timeliness requirements. See Turner/Finley Br. at 6, 8-10.[4] According to Appellant, he had timely prepared a petition, but the Department of Corrections never mailed it for filling. See id.; see also Answer at 4 ¶ 14; PCRA Petition, 4/10/19, at 3 ¶ 13 (unpaginated). Thus, according to Appellant, his subsequent, untimely filing was the result of unlawful interference by government officials. See Answer at 3 ¶ 11.

The timeliness of a petition for collateral relief implicates our jurisdiction. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence

---

[4] Appellant acknowledged that his Judgment of Sentence became final on June 5, 2017, when the time expired for him to file a petition for writ of certiorari with the United States Supreme Court. Answer at 3 ¶ 7. Appellant also stipulated to the PCRA court that he had until June 5, 2018, to file a petition for collateral relief. N.T. PCRA at 3. Appellant pro se filed his PCRA Petition on April 10, 2019. Thus, it is facially untimely. See 42 Pa.C.S. § 9545(b).

becomes final. 42 Pa.C.S. § 9545(b)(1). There are three statutory exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). "[I]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." Commonwealth v. Beasley, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has asserted the government interference exception, which affords the PCRA court jurisdiction where "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). "In other words, [a petitioner] is required to show that but for the interference of a government actor he could not have filed his claim earlier." Commonwealth v. Staton, 184 A.3d 949, 955 (Pa. 2018) (quotation marks and citation omitted).

In rejecting his claim of government interference, the PCRA court focused on Appellant's inability to specify when he had deposited his original petition in the prison mailing system:

> At his PCRA hearing, the [Appellant] recounted in some detail the steps he took to have another inmate prepare the initial petition on his behalf and the steps he took to make sure it got transmitted to the Elk County Clerk of Courts. He could not recall or even approximate what date it was when he put it in the mailbox, . . . which is significant under the circumstances: The [Appellant] was at SCI Fayette until February 26, 2019[,] and could be no more specific than to say he mailed his original petition while still incarcerated at that facility. Whether or not the [c]ourt believes that he submitted a petition for mailing, therefore, his own testimony fails to establish that it happened on or before June 5, 2018. It could have been later that month. It could have been in

July, August, or December. The evidence—the defendant's testimony—is simply too vague to discharge his burden.

PCRA Ct. Op., 8/28/19, at 1 (unpaginated; citations to testimony omitted).

We defer to the PCRA court's finding, which is supported by the record. Further, we note that Appellant testified that he had submitted a "cash slip" to prison authorities to cover the cost of postage, but conceded that he had no documentary evidence establishing when the Department of Corrections debited the cost of postage from his cash account at SCI Fayette. N.T. PCRA at 7-8, 13. In the absence of clear testimony from Appellant regarding when he first sought collateral relief, and no evidence tending to establish that prison officials interfered with the prompt submission of his original petition, we conclude the PCRA court properly determined that Appellant failed to establish the government interference exception to the PCRA timeliness requirements.[5]

Application to Withdraw as Counsel granted; Order affirmed.

_____

[5] The PCRA court did not address Appellant's bald assertion that the Department of Corrections lost a dated copy of his original petition when Appellant transferred from one prison to another. See N.T. PCRA at 9-10; Answer at 3 ¶¶ 12, 13. See PCRA Ct. Op. at 1 (discounting the relevance of Appellant's credibility in light of his inability to specify when he filed his original petition). Nevertheless, we note that Appellant conceded on cross-examination that he made no effort to secure records from SCI Fayette documenting postage debits from his cash account in that facility. N.T. PCRA at 12-13.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/3/2020